UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR PERALTA,

                Plaintiff,

        -against-

32BJ SEIU,

                Defendant.

1:21-CV-1404 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, filed this action asserting claims under the Court's federal-question jurisdiction. He sues his union, 32BJ SEIU ("32BJ" or "union"). His claims arise from the termination of his employment in 2013. Plaintiff unsuccessfully challenged his firing in: (1) a workplace-grievance proceeding, (2) an administrative proceeding before the New York State Division of Human Rights, (3) in a proceeding before the New York Supreme Court, New York County, and (4) in a previous civil action that he brought in this court.

      Plaintiff now sues 32BJ, alleging that it failed to properly represent him when he was accused of sexual harassment, and that it has refused to remove the files concerning those accusations from his union record. He states that he is "the victim of discrimination by 32BJ therefore [his] constitutional right[] is violated." (ECF 2, at 2.)

      The Court construes Plaintiff's complaint as asserting: (1) claims under 42 U.S.C. § 1983 that 32BJ violated his federal constitutional rights, (2) hybrid claims under the Labor Management Relations Act and the National Labor Relations Act that 32BJ breached its duty of fair representation, and (3) claims under Title VII of the Civil Rights Act of 1964 that 32BJ discriminated against him.

By order dated March 16, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, also known as *in forma pauperis* ("IFP").

For the reasons discussed below, the Court dismisses this action.

### BACKGROUND

This is not the first time that Plaintiff has asserted legal claims arising from the termination of his employment. On April 10, 2014, Plaintiff brought a *pro se* action in this court against his former employer, St. Luke's Roosevelt Hospital ("St. Luke's"), in which he asserted claims under Title VII of the Civil Rights Act of 1964. *See Peralta v. St. Lukes Roosevelt Hosp.*, No. 14-CV-2609 (KPF), 2015 WL 3947641 (S.D.N.Y. June 26, 2015). ("*Peralta I*") (Opinion and Order of District Judge Katherine Polk Failla dismissing *Peralta I*). In that action, Plaintiff alleged that St. Luke's discriminated against him on the basis of his Dominican national origin when it terminated his employment. Specifically, he alleged that his termination was the result of a conspiracy between a Puerto Rican employee and others to falsely accuse him of sexually harassing individuals so that St. Luke's could replace him with a person of Puerto Rican origin. *Id.* at *1-2.

Because Judge Failla thoroughly summarized the background facts in her June 26, 2015 Opinion and Order dismissing *Peralta I*, the Court borrows liberally from Judge Failla's summary.

Before Plaintiff was fired, St. Luke's conducted an investigation into the accusations that Plaintiff had engaged in sexual harassment. Following the investigation, St. Luke's issued a report that "concluded that the conduct alleged probably did occur, given that all individuals interviewed appeared credible and many of the incidents were witnessed by others." *Id.* at *1 (quoting Nov. 15, 2012 report of Janet Connery attached to the *Peralta I* complaint and docketed as ECF 1:14-CV-2609, 2, at 10) (internal quotation marks omitted). On January 17, 2013, St.

Luke's conducted a grievance hearing with Plaintiff's union. St. Luke's fired Plaintiff on February 5, 2013.

Plaintiff then filed a charge with the New York State Division of Human Rights ("SDHR"), asserting that his firing was discriminatory and the result of a conspiracy. After an investigation, on December 17, 2013, the SDHR "issued a finding of 'NO PROBABLE CAUSE to believe that [St. Luke's] ha[d] engaged in or [wa]s engaging in the unlawful discriminatory practice complained of.'" *Id.* at *2 (quoting Dec. 17, 2013 SDHR Determination and Order After Investigation ("DOAI") attached to Declaration of Katherine D . Watson ("Watson Declaration") and docketed as ECF 1:14-CV-2609, 22-6, at 2) (alterations in original). The SDHR concluded that:

> "Complainant failed to proffer evidence refuting the reason articulated by [St. Luke's] for his termination" and "failed to provide evidence connecting his national origin to any action taken against him by" St. Luke's. There simply was no demonstrated "nexus between Complainant's national origin and [St. Luke's] decision to terminate [his] employment," and "[St. Luke's] stated reason for terminating [him] does not appear to be pretext for discrimination."

*Id.* (quoting Dec. 17, 2013 DOAI attached to Watson Declaration and docketed as ECF 1:14-CV-2609, 22-6, at 3) (third and fifth alteration in original).

On or about February 13, 2014, Plaintiff commenced a proceeding in the New York Supreme Court, New York County, under Article 78 of the New York Civil Practice Law and Rules, to challenge the SDHR's decision, making the same arguments that he had made to the SDHR.

On April 9, 2014, the state court dismissed Plaintiff's Article 78 proceeding, finding that:

> (i) both Plaintiff and St. Luke's had been "given a full and fair opportunity to present their case"; (ii) the SDHR had a "rational basis for coming to its conclusion that [Plaintiff] was terminated from his employment with St. Luke's due to numerous allegations of sexual harassment . . . , which it found had been substantiated"; and (iii) Plaintiff had "not provided any evidence of a one-sided investigation and ha[d] not put forth any evidence that he was terminated from his

3

> position on the basis of his national origin other than his own self-serving statements."

*Id.* at *3 (quoting Decision/Order in *Peralta v. New York State Div. of Human Rights*, Index No. 400204/14 (N.Y. Sup. Ct., New York Cnty. Apr. 9, 2014), attached to Watson Declaration and docketed at ECF 1:14-CV-2609, 22-11, at 5-6) (alterations in original).

In an Opinion and Order in *Peralta I* dated June 26, 2015, Judge Failla granted St. Luke's motion to dismiss, holding that Plaintiff's claims in *Peralta I* were barred by the doctrines of claim and issue preclusion. *Id.* at *5-7. Plaintiff had "br[ought] the same claims, raise[d] the same issues, and relie[d] on the same facts as he did in his Article 78 proceeding and in his administrative complaints prior to that." *Id.* at *5. Thus, under New York law, the doctrines of claim and issue preclusion barred Plaintiff from pursuing those claims in the federal district court. *See id.* at *4-7. Plaintiff did not appeal.

Plaintiff now sues his union, 32BJ, alleging that when he "was accused of sexual harassment, the union[,] in violation of its own bargaining agreement law[,] did not even investigate[] the case and refused to take the case to arbitration." (ECF 2, at 8.) Plaintiff alleges that he has been attempting to correct the record since then, but 32BJ has "ignored" his pleas "to meet with the union's president[,] who is the only person with the authority to erase these false allegations of sexual harassment against [Plaintiff] from [his] union's record." (*Id.* at 5.) This, Plaintiff asserts, is an act of discrimination. (*Id.* at 8.) Plaintiff states that for the past four years, he has been employed as a seasonal worker. But while most seasonal workers are hired permanently after a year or two, Plaintiff alleges that he has never been considered for a permanent position, and never will be as long as the sexual harassment allegations remain in his union record. (*Id.* at 9.) He asserts that 32BJ knows that the allegations are "blatant lies," but

4

insists on preserving them in his union file. Plaintiff states that the allegations of sexual harassment "ha[ve] never been decided in arbitration or any court of law." (*Id.*)

In addition to seeking damages, Plaintiff asks the Court to order 32BJ "to remove the[] allegation[s] of sexual harassment from [his] union's record." (*Id.*)

## DISCUSSION

### A. Claims under 42 U.S.C. § 1983

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 that 32BJ violated his federal constitutional rights. To state a claim under section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "Because the United States Constitution regulates only the Government, not private parties, [in an action brought under section 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). A private entity is generally not a state actor, and is therefore not usually liable under section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

32BJ is a private entity. And Plaintiff does not allege any facts that suggest that 32BJ was acting under color of state law when it allegedly injured him. The Court therefore dismisses Plaintiff's claims under section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

5

**B.      Issue preclusion**

Plaintiff asserts in his complaint that the issue of whether he sexually harassed others at the workplace has "never been decided in arbitration or [in] any court of law." (ECF 2, at 9.) But in an employment discrimination action, the relevant issue is not whether the plaintiff *actually engaged* in workplace misconduct, but whether the employer had a legitimate reason to fire the plaintiff based on its reasonable belief that the plaintiff engaged in workplace misconduct. *See, e.g.*, *Marini v. Costco Wholesale Corp.*, 64 F. Supp. 3d 317, 334 (D. Conn. 2014) ("[A]bsent discrimination, the employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or no reason at all. An employer's good faith *belief* that an employee engaged in misconduct is a legitimate reason for terminating [him], and the fact that the employer is actually wrong is insufficient to show that the alleged misconduct is a pretext for discrimination.") (internal quotation marks and citations omitted, emphasis and alteration in original); *see also Peralta I*, 2015 WL 3947641, at *5 ("In the Article 78 proceeding, the state court judge explained that Plaintiff's discrimination claim failed because he did not state any facts or provide any evidence that tied his termination to his national origin (aside from his own conclusory, self-interested statements), and that there was nothing to suggest Defendant's proffered reason for terminating Plaintiff was pretextual."). The same is true with respect to a hybrid claim alleging that a union breached its duty of fair representation in a proceeding challenging a union member's discharge. *See, e.g.*, *Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 282 (2d Cir. 2005) ("[A] union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith.") (internal quotation marks and citation omitted, alteration in original).

Although Plaintiff previously brought claims against St. Luke's and now sues his union, the relevant issue is the same in this action: whether St. Luke's had a lawful reason to terminate Plaintiff's employment. But Plaintiff cannot relitigate that issue in this action under the guise of accusing his union of discriminating against him or breaching its duty of fair representation.

The doctrine of issue preclusion, also known as collateral estoppel, bars relitigation of a specific legal or factual issue in a subsequent proceeding where "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (internal quotation marks and citation omitted, alteration in original). This doctrine "'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (citation omitted, emphasis in original). Issue preclusion does not require that the parties be the same as those in the original litigation; when there are different parties, it is called nonmutual issue preclusion (or collateral estoppel). *See United States v. Mendoza*, 464 U.S. 154, 158 (1984) (noting that with respect to the doctrine of collateral estoppel, the Supreme Court of the United States has "abandon[ed] the requirement of mutuality of parties" (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971))); *see also United States v. Ustica*, 847 F.2d 42, 49 n.14 (2d Cir. 1988) ("Nonmutual collateral estoppel refers to the situation in which one party is barred from relitigating an issue decided in a previous proceeding, where the parties were not the same in the prior proceeding."); *Montesa v. Schwartz*, No. 12-CV-6057, 2015 WL 13173165, *3 (S.D.N.Y. Sept. 22, 2015)

7

("[N]onmutual collateral estoppel . . . precludes a plaintiff from relitigating identical issues by merely switching adversaries." (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979) (internal quotation marks omitted))).

The issues that Plaintiff seeks to litigate here – whether the accusations of sexual misconduct were false, whether they justified his discharge, and whether his discharge was the result of a conspiracy – have already been litigated before the SDHR and in the Article 78 proceeding. Judge Failla did not readjudicate those issues. Rather, Judge Failla held that because those issue had already been adjudicated before the SDHR and in the Article 78 proceeding, Plaintiff was precluded from relitigating those issues again before Judge Failla. *See Peralta I*, 2015 WL 3947641, at *5-7. That same rationale also bars Plaintiff from relitigating those issues in this action.

The issues Plaintiff seeks to litigate here were actually litigated and actually decided by the New York Supreme Court, New York County, when, on April 9, 2014, it dismissed Plaintiff's Article 78 proceeding, holding, in part, that the SDHR, in finding no probable cause of discrimination, "had a rational basis for coming to its conclusion that [Plaintiff] was terminated from his employment . . . due to numerous allegations of sexual harassment . . ., which it found had been substantiated," *Peralta I*, 2015 WL 3947641, at *3 (internal quotation marks and citation omitted). As the Supreme Court of the United States has held, when the SDHR finds no probable cause of discrimination, and that determination is affirmed by a state court, the plaintiff is precluded from litigating federal claims arising from the same facts resolved by the previous state-court proceeding. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 479-82 (1982); *see Yan Yam Koo v. Dep't of Bldgs. of the City of New York*, 218 F. App'x 97, 99 (2d Cir. 2007) ("While the agency determination in and of itself did not preclude his action, preclusive effect attached

once the state court reviewed and affirmed the SDHR's finding of no probable cause.") (summary order).

Accordingly, the doctrine of issue preclusion bars Plaintiff from relitigating whether St. Luke's had a legitimate, nondiscriminatory reason to fire him. The Court therefore dismisses any of Plaintiff's claims in which he asserts that he did not sexually harass others while he was employed by St. Luke's, or that St. Luke's discriminated against him by firing him, for failure to state a claim on which relief may be granted under the doctrine of issue preclusion. *See* § 1915(e)(2)(B)(ii); *Mitchell v. Cigna Corp.*, No. 19-CV-3802, 2019 WL 2210664, at *2 (S.D.N.Y. May 21, 2019).[1]

**LEAVE TO AMEND IS DENIED**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court denies Plaintiff leave to amend his complaint.

**CONCLUSION**

The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has consented to electronic service of court documents. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[1] The Court may, on its own initiative, raise the affirmative defense of issue preclusion. *See Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov' t of the Lao People's Democratic Republic*, 864 F.3d 172, 191 (2d Cir. 2017).

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     June 1, 2021
             New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                         Chief United States District Judge